IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 06-3155 |
| GEORGE J. BEEMSTERBOER, INC., an Indiana corporation, d/b/a DUTCH BARN LANDSCAPE CONTRACTORS, | ) ) ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on cross motions for summary judgment (d/e 25 & 26), and the parties' Motions to Strike various filings (d/e 30, 32, 37). For the reasons set forth below, the Motions are DENIED.

## STATEMENT OF FACTS

Plaintiff Railroad Maintenance and Industrial Health and Welfare Fund (Fund) is an ERISA-qualified multi-employer welfare benefit plan. 29

U.S.C. § 1001 et seq.  On March 24, 1993, Defendant George J. Beemsterboer, Inc., d/b/a Dutch Barn Landscape Contractors (Dutch Barn) signed a Memorandum of Agreement (Agreement) which obligated it to abide by the collective bargaining Master Agreement between Local 150, International Union of Operating Engineers and various associations of landscaping contractors.  Amended Complaint (d/e 15), Exhibit A, Agreement.  The Agreement obligated Dutch Barn to make contributions to the Fund on behalf of covered employees (Covered Employees) engaged in covered work (Covered Work).

Covered Employees were those employees who were employed as "Landscape Equipment Operators" as defined in the Master Agreement.  Agreement, ¶ 3.  The Master Agreement defined Landscape Equipment Operators as employees who operated certain equipment including back hoes, tractors, wood chippers, fork lift trucks, and angle dozers.  Plaintiff's Motion for Summary Judgment (d/e 25) (Plaintiff's Motion), Exhibit 1, Master Agreement, Art. 6 § 1.  In addition, "Landscape Equipment Operators may also be assigned to perform the responsibilities of a lead-man or working foreman."  Id.

The Agreement described the Covered Work as:

> only for such work wherein the Employer is engaged in commercial and/or industrial and/or municipal landscaping. The Employer shall have no obligations of any sort under this Agreement when engaged in the performance of residential landscaping (single family homes), but does have obligations in landscaping large groups of homes in a subdivision.

Agreement, ¶ 3. The Master Agreement has been renewed over time and remains in effect. Dutch Barn has remained a signatory to the Agreement from 1993 to the present.

On June 27, 2007, the Fund's auditors conducted an audit of Dutch Barn's records. The Fund asked for records from January 2000 through December 2005 (the Audit Period) for three Covered Employees, Franco Asuncion, Angel Dominguez, and Saul Luna. The Fund's auditors determined that Dutch Barn did not maintain any records of when these employees were engaging in Covered Work. The Fund's auditors then counted all of these employees' hours during the Audit Period as Covered Work. The auditors found that Dutch Barn owed $59,816.00 in unpaid contributions during the Audit Period. The Fund brought this action to recover those unpaid contributions. In addition, the Fund seeks liquidated damages, audit costs, interest, and attorney fees.

3

In response, Dutch Barn has submitted Affidavits from Alan Beemsterboer, Franco Asuncion, Angel Dominguez, and Saul Luna. Beemsterboer stated that he was the manager of Dutch Barn. He stated that during the Audit Period, ninety percent of Dutch Barn's work was on single family homes. He stated that Asuncion worked only on residential landscaping or landscape maintenance projects for single family homeowners. He stated that Dominguez worked as a laborer for Dutch Barn and only worked on residential projects. He stated that Luna performed covered work as a Landscaping Equipment Operator on commercial properties. Defendant's Motion for Summary Judgment (d/e 26) (Defendant's Motion), attached Affidavit of Alan Beemsterboer, ¶¶ 5-11.

Luna stated in his Affidavit that he was Dutch Barn's only Landscaping Equipment Operator. Defendant's Motion, attached Affidavit of Saul Luna, ¶ 4. Luna also stated that he worked on non-residential projects from August 2000 through December 2005. Affidavit of Saul Luna, ¶ 5. The Audit shows that Dutch Barn paid contributions for Saul Luna's work from August 2000 through December 2005. Plaintiff's Motion, Exhibit 8, Audit Report Contribution Records. The Fund only seeks

payment of unpaid contributions for Luna's work performed from January 2000 to August 2000.

Asuncion stated in his Affidavit that he worked as a laborer and foreman for Dutch Barn. He stated that his duties included labor supervision. He also stated that the vast majority of his work was on non-commercial, residential properties. <u>Defendant's Motion</u>, attached <u>Affidavit of Franco Asuncion</u>, ¶¶ 2-4.

Dominguez told three conflicting stories about his work at Dutch Barn. In the Affidavit submitted by Dutch Barn, Dominguez stated that he worked as a laborer for Dutch Barn and never performed any work as a Landscape Equipment Operator before October 2005. <u>Defendant's Motion</u>, attached <u>Affidavit of Angel Dominguez</u>, ¶ 4. Dutch Barn began making contributions to the Fund for Dominguez in October 2005. <u>Plaintiff's Motion</u>, Exhibit 8, <u>Audit Report Contribution Records</u>. Dominguez also stated that he worked only on single-family residences. <u>Id.</u>, ¶ 5. Dominguez later provided the Fund with an Affidavit in which he stated that from 2000 through 2005 he worked for Dutch Barn as a Landscape Equipment Operator on commercial properties. <u>Plaintiff's Reply (d/e 29)</u>, Exhibit C, <u>Second Affidavit of Angel Dominguez</u>, ¶ 2.

The Court then allowed the parties to depose Dominguez in an attempt to resolve the inconsistencies. Text Order entered April 11, 2008. At his deposition, Dominguez stated that he became a foreman at Dutch Barn in 2000 and started learning how to operate landscaping equipment at that time. By 2003, he became skilled in operating equipment such as tractors and bobcats. Supplemental Brief in Support of Dutch Barn's Motion for Summary Judgment (d/e 35), attached Deposition of Angel Dominguez, at 24, 29. He started working as a Landscaping Equipment Operator in 2003 or 2004. Id., at 31, 33. He said that he worked residential properties about 95 percent of the time. Id., at 11. He said he worked primarily on new homes. Id., at 10.

## ANALYSIS

Both parties seek summary judgment. With respect to each summary judgment motion, the movant must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to the non-movant. Any doubt as to the existence of a genuine issue for trial must be resolved against the movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once the

movant has met its burden, the non-movant must present evidence to show that issues of fact remain with respect to an issue essential to its case, and on which it will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Employers participating in ERISA-qualified plans are obligated to keep adequate records with respect to each covered employee. 29 U.S.C. § 1059. If an ERISA-qualified plan, such as the Fund, conducts an audit, and the audited employer has failed to keep adequate records, including records showing the work for which contributions are required, then the plan is entitled to summary judgment for contributions for all hours worked by each covered employee, unless the employer presents evidence to establish that additional contributions are not owed. Laborers' Pension Fund v. RES Environmental Services, Inc., 377 F.3d 735, 738-39 (7th Cir. 2004). In such situations, the employer has the burden to present evidence to demonstrate that an issue of material fact exists.

In this case, Dutch Barn did not keep records of the hours that its employees engaged in Covered Work. The Fund, therefore, asks for summary judgment for unpaid contributions based on all hours worked by

the three Covered Employees during the Audit Period. To avoid summary judgment, Dutch Barn must present evidence to show it paid contributions for all hours of Covered Work, and that the hours for which no contributions were made involved other kinds of work. Id.

Dutch Barn has presented evidence that creates issues of fact. When read in the light most favorable to Dutch Barn, the Affidavits submitted establish that Dominguez and Asuncion did not engage in Covered Work. Beemsterboer stated that Dominguez and Asuncion worked on residential properties only. If true, then their work may not have been Covered Work. Beemsterboer and Luna both stated that Luna performed Covered Work beginning in August 2000. If true, Dutch Barn does not owe anything for Luna's work because Dutch Barn made all contributions for Luna beginning in August 2000. The Fund only seeks contributions for Luna's work before that month. The Fund, therefore, is not entitled to summary judgment.

Dutch Barn also is not entitled to summary judgment on its cross-motion. The Audit Report's findings that Dutch Barn failed to keep adequate records is undisputed. Those findings are sufficient evidence to allow the Fund to overcome Dutch Barn's Motion for Summary Judgment. The conflicting evidence from Dutch Barn only creates an issue of fact. Id.

8

Moreover, factual questions raised by Dutch Barn's submissions would preclude summary judgment in any event. The Affidavits and the deposition of Dominguez, when read in the light most favorable to the Fund, indicate that Dominguez and Asuncion may have engaged in Covered Work. Dominguez, and possibly Asuncion, worked on new residential construction. Alan Beemsterboer stated that these men worked on residential landscaping and landscaping maintenance for private homeowners. Bemmsterboer Affidavit, ¶ 10. That distinction may indicate a difference between work on new residential construction and landscaping for an existing owner-occupied home. Dominguez also stated in his deposition that he worked primarily on new homes. Dominguez Deposition, at 10. Covered Work included, "landscaping large groups of homes in a subdivision." Agreement, at 1. Thus, the landscaping work performed by Dominguez and Asuncion on new homes may have been Covered Work. If so, Dutch Barn would have been obligated to make contributions for that work.

Finally, Dominguez and Asuncion both worked as foremen. The Master Agreement stated that a Landscape Equipment Operator may be assigned to supervisory duties as a foreman. Thus, their work as foremen

9

may also have been Covered Work if they supervised others engaged in Covered Work, which may have included new residential construction in subdivisions. At this point, there are too many factual questions to allow summary judgment for either party.

The Fund argues that it is entitled to summary judgment as a matter of law because Dutch Barn did not keep adequate records. The Seventh Circuit has clearly stated that the failure to keep records shifts the burden of proof, but is not conclusive. <u>Laborers Pension Fund</u>, 377 F.3d at 738-39. When viewed in the light most favorable to Dutch Barn, issues of fact remain. At trial, Dutch Barn will have the burden of proof to show that it does not owe any additional contributions to the Fund.

The Motions to Strike are also denied. The parties each complain that the other violated Local Rule 7.1(D) governing summary judgments motions. The Fund also complains about the Dominguez Affidavit submitted by Dutch Barn. The Dominguez Deposition convinces the Court that both parties acted in good faith in securing an Affidavit from Dominguez. Furthermore, each questioned Dominguez at his deposition in order to clarify the discrepancy. The Court, therefore, will not strike either Affidavit. With respect to the other requests, the Court, in its discretion,

determines not to strike the other filings for violation of the Local Rules. The Court finds that it is in the interests of justice to resolve this matter on the filings as they are.

THEREFORE, the Motions for Summary Judgment (25 & 26) are DENIED.  The parties' Motions to Strike (d/e 30, 32, 37) are DENIED. IT IS THEREFORE SO ORDERED.

ENTER:   May 28, 2008

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE